United States Court of Appeals,

Eleventh Circuit.

No. 97-2764.

David D. MORRIS, Plaintiff-Appellant,

v.

Lawrence W. CROW, Jr., individually and as Sheriff of Polk County, Florida;  Jack Waldron, individually and in his official capacity as Major of the Polk County Sheriff's Office;  Paul F. Alley, individually and in his official capacity as Colonel of the Polk County Sheriff's Office, Defendants-Appellees.

June 9, 1998.

Appeal from the United States District Court for the Middle District of Florida. (No. 92-1604-CIV-t-17B), Thomas G. Wilson, Judge.

Before COX and BLACK, Circuit Judges, and RONEY, Senior Circuit Judge.

PER CURIAM:

Plaintiff in this section 1983 action appeals the grant of summary judgment in favor of his former employer, the Polk County, Florida, Sheriff and two other sheriff's office officials, on his claim that he was terminated in retaliation for unfavorable statements he made in an accident report and related deposition.  The trial court held that this activity did not constitute "speech related to a matter of public concern" protectible under the First Amendment.  We affirm.

The parties dispute the conduct that resulted in Morris's firing.  The sheriff's office maintains that Morris was fired as the result of a sheriff's office investigation into two instances of misconduct involving Morris which occurred in August and September 1991.  Morris, on the other hand, contends that he was fired because of his statements in an accident report and deposition testimony in connection with his investigation of a traffic accident involving a fellow deputy in which a citizen

was killed in November 1989.  For the purposes of reviewing summary judgment, we accept plaintiff's version of events.

The November 1989 accident occurred while another officer, traveling in an unmarked car, was en route to an emergency call for service.  The officer collided with a citizen's car, killing him instantly.  In Morris's accident report, he observed that the officer was traveling more than 130 mph in a 50 mph zone and that the deputy had failed to use an emergency blue warning light in violation of sheriff's office policy.  After Morris filed his accident report, the citizen's personal representative brought a wrongful death lawsuit against the sheriff's office.  When Morris was deposed in connection with the lawsuit on January 23, 1991, he reiterated his earlier observations and additionally stated that if the officer were traveling the legal speed limit, there was a "great possibility" the accident would not have occurred.  The sheriff's office settled the lawsuit for $180,000 on September 17, 1991.  Two days later, Morris was suspended without pay.  He was terminated on October 9, 1991.

Morris was an employee at will.  This means he could be fired for any reason, or no reason at all, but could not be discharged for an unconstitutional reason. *See Connick v. Myers,* 461 U.S. 138, 142, 103 S.Ct. 1684, 1687, 75 L.Ed.2d 708 (1983).  Morris claims that he was fired in retaliation for protected speech in violation of the Constitution's First Amendment:  he was fired because he wrote an auto accident report and subsequently gave deposition testimony in the context of a civil suit in which he stated that another sheriff's deputy violated office policy in responding to an emergency, resulting in the death of a citizen.

Whether a public employee's speech is protected depends upon whether the expression can be "fairly characterized as constituting speech on a matter of public concern." *Connick,* 461 U.S.

2

at 146, 103 S.Ct. at 1690. Whether plaintiff's speech related to matters of public concern is a legal question we review *de novo. See Ferrara v. Mills,* 781 F.2d 1508, 1515 (11th Cir.1986). This protection springs from recognition of the public employee's right to engage in free speech and self-expression while participating in public and social affairs. *Connick,* 461 U.S. at 145, 103 S.Ct. at 1689. Absent extraordinary circumstances, such protection is unavailable, however, "when a public employee speaks not as a citizen upon matters of public concern, but instead as an employee upon matters of personal interest." *Connick,* 461 U.S. at 147, 103 S.Ct. at 1690. The Supreme Court has not specifically addressed the question presented here, that is, whether speech that occurs in the course of and as part of an employee's ordinary duties is protected.

Morris alleges that his accident report is protected because he "reported on a co-employee's policy violations and negligence that jeopardized public safety and subjected his employer to substantial liability." Police reports reflect information of general public interest and any information concerning police conduct and public safety could be considered to reach matters of public interest. The fact that such information may be of general interest to the public, however, does not alone make it of "public concern" for First Amendment purposes. *See Connick,* 461 U.S. at 148 n. 8, 103 S.Ct. at 1691 n. 8. The Court in *Connick* reasoned that this "would mean that virtually every remark—and certainly every criticism directed at a public official—would plant the seed of a constitutional case." *Connick,* 461 U.S. at 149, 103 S.Ct. at 1698.

Not only must the speech be related to matters of public interest, but the purpose of the expression must be to present such issues as matters of "public" concern. In essence, we must determine the purpose of the employee's speech, that is, "whether the speech at issue was made primarily in the employee's role as citizen, or primarily in the role of employee." *Morgan v. Ford,*

3

6 F.3d 750, 755 (11th Cir.1993) (citations omitted), *cert. denied,* 512 U.S. 1221, 114 S.Ct. 2708, 129 L.Ed.2d 836 (1994). To make such a determination, we look at the content, form, and context of a given statement, as revealed by the whole record. *See Connick,* 461 U.S. at 147-48, 103 S.Ct. at 1690-91; *Morgan,* 6 F.3d at 754.

Morris's report was generated in the normal course of his duties as an accident investigator. The report discussed only his investigation and reconstruction of a single traffic accident. In *Koch v. City of Hutchinson,* 847 F.2d 1436 (10th Cir.), *cert. denied,* 488 U.S. 909, 109 S.Ct. 262, 102 L.Ed.2d 250 (1988), the Tenth Circuit held correctly, we think, that a fire marshal's report concerning the cause of a fire was not constitutionally protected speech. Plaintiff's report in that case stated his professional opinion as to the cause of a fire in which a small child died. The court noted that "[plaintiff's] written report was simply one of many routine official reports which are processed through the City's local governmental agencies on a daily basis." *Koch,* 847 F.2d at 1447.

Morris's report here, like the fire marshal's report, was generated pursuant to his official and customary duties as an accident investigator with the sheriff's office. In short, as the magistrate judge noted, "[Plaintiff] prepared the report because that was his job."

This case is factually distinguishable from both *Fikes v. City of Daphne,* 79 F.3d 1079 (11th Cir.1996) and *Warnock v. Pecos County,* 116 F.3d 776 (5th Cir.1997), upon which Morris relies. In *Fikes,* the plaintiff reported two instances of misconduct by fellow officers, those being failure to terminate a high-speed chase and improper use of a confiscated vehicle, to the "appropriate authorities," including his superior officer and the Alabama Bureau of Investigation. *Fikes,* 79 F.3d at 1081. Unlike Morris, Fikes made such a report voluntarily under circumstances in which he had no obligation or responsibility to do so. The court in *Fikes* noted that the plaintiff in that case

4

"sought to "bring to light actual or potential wrongdoing or breach of public trust on the part of' government officials." *Id.* at 1084 (quoting *Connick,* 461 U.S. at 146, 103 S.Ct. at 1689-90).

The facts in *Warnock* more closely resemble those in the instant case in that the report at issue was generated in the normal course of the plaintiff's duties. In *Warnock,* the plaintiff was a former county auditor who reported a number of violations of law or fiscal improprieties committed by county officials to her superiors and the appropriate government departments. 116 F.3d at 779. The speaker's purpose, however, was to raise issues of public concern. The Court determined that "[by] reporting specific wrongs and abuses within the county government, Warnock was attempting to improve the quality of government." *Id.* at 780. There is nothing in the record to indicate that Morris's purpose in writing the accident report was to bring to light any wrongdoing or to do any more than accurately report an accident in the course of his employment.

Nor is there any evidence that Morris gave deposition testimony for any reason other than in compliance with a subpoena to testify truthfully in the civil suit regarding the November 1989 accident. In his deposition, Morris reiterated the conclusions regarding his observations of the accident. Morris's testimony cannot be characterized as an attempt to make public comment on sheriff's office policies and procedures, the internal workings of the department, the quality of its employees or upon any issue at all. *Compare Martinez v. City of Opa-Locka, Florida,* 971 F.2d 708, 712 (11th Cir.1992) (Testimony was speech that clearly affected matter of public concern where statements involved public funds spent in violation of city ordinance, were in the form of testimony before city's legislative body and statements to an investigator with state attorney's office, and were made in the context of an examination into activities of city personnel.). The mere fact that Morris's

statements were made in the context of a civil deposition cannot transform them into constitutionally protected speech.

We cannot consider the unfairness that might have occurred if plaintiff was indeed fired for filing a truthful report and giving truthful testimony. Nor do we consider whether Morris might have some other cause of action if his version of the facts are true. The only issue before us is to decide if his firing was a violation of his constitutional right of free speech.

We affirm the district court's decision that neither plaintiff's accident report nor his deposition testimony are protected speech under the First Amendment.

AFFIRMED.