Ronnie D. BAKER and Marie
E. Baker, Plaintiffs,

v.

James E. CHANDLER,
et al.  Defendants.

No. 0014074CIV.

United States District Court,
S.D. Florida.
Ft. Pierce Division.

Sept. 19, 2001.

Jack Britt Nichols, Esq., Alton G. Pitts, Esq., Orlando, FL, for Plaintiff.

Michael Burke, Esq., Johnson, Anselmo, Murdoch Burke & George P.A., Fort Lauderdale, FL, Counsel for Indian River County.

F. Scott Pendley, Esq., Dean, Ringers, Morgan and Lawton, Orlando, FL, Counsel for Commissioners & Eggert.

Rupert Neis Koblegard, III, Esq., Fee, Koblegard & DeRoss, Fort Pierce, FL, George P. Roberts, Jr., Esq., Roberts & Reynolds, P.A., West Palm Beach, FL, for Defendant.

## ORDER

K. MICHAEL MOORE, District Judge.

THIS CAUSE came before the Court upon Defendant Chandler's Motion to Strike Complaint (filed April 28, 2000); Defendant Chandler's Motion to Dismiss (filed April 28, 2000); Defendant Indian River County's Motion to Dismiss (filed April 24, 2000); and the Motion to Dismiss filed by Defendants Macht, Estate of Carolyn K. Eggert, Ginn, Tippin, and Adams (filed April 24, 2000).

UPON CONSIDERATION of the Motions, responses, and replies, and being otherwise fully advised in the premises, the Court enters the following Order denying Defendant Chandler's Motion to Strike, and granting all Defendants' Motions to Dismiss.

### A. Brief Summary of Complaint

Ronnie Baker's allegations surround his employment as Director of Personnel for Indian River County, beginning on March 18, 1996, and his temporary termination from that position, from August 15, 1997 through October 2, 1998.[1] According to Baker, he was terminated by Defendant Chandler on August 15, 1997, after a pre-termination hearing.[2] Upon his appeal of that decision, a post-termination hearing was held, and that post-termination hearing resulted in a finding that the initial decision to terminate Baker was not supported by sufficient evidence.[3] Ultimately, Baker was reinstated to his position on October 2, 1998, following an unsuccessful appeal of the post-termination hearing by Indian River County.[4] However, Baker alleges that he was not fully compensated for the salary, retirement, promotions, and benefits to which he was entitled, and that his position was limited when he was reinstated.[5]

Baker alleges that this temporary termination, and the events surrounding the termination, violated his First Amendment Rights to Free Speech (Count I), his Substantive and Procedural Due Process Rights (Counts II, III, and V), and Florida's Government in the Sunshine Law (Count IV). In addition, his wife, Marie Baker, has brought a claim for loss of consortium (Count VI). Specifically, in Count I, Baker alleges that he was terminated in retaliation for his exercise of his free speech rights. In Counts II and V, Baker alleges that Defendants Chandler and Indian River County violated his substantive and procedural due process rights by terminating him; by delaying his reinstatement after that termination was overturned; by failing to compensate him fully when he was reinstated; and by imposing new limits on his position after he was reinstated. In Count III, Baker alleges that the Defendant Commissioners conspired with Defendant Chandler to violate

---

1. Complaint, 4.

2. *Id.* at 23.

3. *Id.* at 25.

4. *Id.* at 29.

5. *Id.* at 32.

his substantive and procedural due process rights. In Count IV, Baker alleges that all Defendants violated Florida's Government in the Sunshine Law by privately deciding to authorize a private law firm to represent the County in an appeal of the decision overturning Baker's termination. In Count VI, Mrs. Baker alleges that, as a result of these violations, she lost the consortium of her husband, Mr. Baker.

The Defendants to this action are (1) James E. Chandler, individually and as the County Administrator of Indian River County; (2) Indian River County, Florida; and (3) Kenneth R. Macht, the Estate of Carolyn K. Eggert, Deceased, Caroline Ginn, John Tippin, and Fran B. Adams, as members of the Indian River County Commission.[6]

### B. The Motion to Strike

Defendant Chandler has moved to strike Baker's complaint. In his motion, Chandler argues that the complaint should be stricken because "it represents fifty-six (56) pages of rambling allegations and thirty-seven (37) unmarked exhibits against a multitude of defendants that typifies the 'shotgun pleading' style so heavily criticized by the Eleventh Circuit and the district courts."[7] In support, Chandler cited *Cramer v. State of Fla.*, 117 F.3d 1258, 1259, 1263 (11th Cir.1997), in which the Eleventh Circuit held that "the district court, acting on its own initiative, should have stricken appellants' complaints and instructed counsel to replead their cases." *Id.* at 1263. The court described the complaint as "practically incomprehensible," and noted that "oral argument was necessary in order to determine what appellants were claiming." *Id.* In response, Baker distinguishes this case, and points out that motions to strike are disfavored.

While the complaint is not a model of clarity, the Court, upon examination, finds that it adequately puts Defendants on notice as to what claims are being brought against them, and what damages Baker is seeking. *See* Fed.R.Civ.P. 8(a) and (e). This is evidenced, in part, by the fact that the complaint was sufficiently coherent to enable the Defendants to formulate thorough and well-reasoned motions to dismiss, which this Court is granting. Accordingly, Defendant Chandler's Motion to Strike Complaint is denied.

### C. The Motions to Dismiss

### I. Motion to Dismiss Standard

A motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. *See Milburn v. United States*, 734 F.2d 762, 765 (11th Cir.1984). On a motion to dismiss, the Court notes that it must construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *See SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir.1988), *reh'g denied*, 840 F.2d 25, 1988 WL 10945 (11th Cir.1988), *cert. denied sub nom. Peat Marwick Main & Co. v. Tew*, 486 U.S. 1055, 108 S.Ct. 2822, 100 L.Ed.2d 923 (1988). Consideration of matters beyond the complaint is improper in the context of a motion to dismiss. *See Milburn*, 734 F.2d at 765.

A court should not grant a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (citations omitted); *see South Florida Water Mgmt. Dist. v. Montalvo*, 84 F.3d 402,

---

**6.** On February 1, 2001, Baker filed a notice of dismissal as to the Commissioners in their individual capacity.

**7.** Defendant Chandler's Motion to Strike Complaint, 1.

406 (11th Cir.1996). Nonetheless, to withstand a motion to dismiss, it is axiomatic that the complaint must allege facts sufficiently setting forth the essential elements of a cause of action. ·

## II. Dismissal of Baker's Freedom of Speech Claim (Count I)

■ Baker's claim that he was terminated in retaliation for his exercise of his First Amendment freedom of speech must be dismissed with respect to all Defendants because the speech for which Baker claims he was terminated is not protected by the First Amendment. The speech of public employees is generally not protected when the employee "speaks not as a citizen upon matters of public concern, but instead as an employee upon matters only of personal interest." *Connick v. Myers,* 461 U.S. 138, 147, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983); *see also Morris v. Crow,* 142 F.3d 1379, 1381–82 (11th Cir. 1998); *Watkins v. Bowden,* 105 F.3d 1344, 1352 (11th Cir.1997). Baker has not alleged facts capable of showing that he was speaking as a "citizen upon a matter of public concern." *Id.* Rather, his allegations show only that he was speaking in a private setting in his capacity as an employee of Indian River County.[8]

Baker alleges that he was terminated from his position as Director of Personnel of Indian River County by Defendants and suffered other injuries as a result of his communications with Defendant Chandler, the Defendant Commissioners, and the County Attorney about certain conduct of two other County employees, and as a result of his suggestion that a direct deposit plan be implemented for all County employees.[9] Specifically, Baker first alleges that he suggested that the County implement a direct deposit program that would enable the payroll checks of all County employees to be deposited in any financial institution.[10] Previously, payroll checks could only be deposited directly into the Indian River County Federal Credit Union.[11] Baker alleges that his suggestion was unpopular with the H.T. Dean, the Director of Services for the County, and other management personnel, because Dean was simultaneously acting as the Chief Executive Officer for the Indian River County Federal Credit Union.[12]

Second, Baker alleges that Defendants took the alleged employment actions

---

**8.** This circuit has developed a four-part test to determine whether an employee has suffered retaliation for the exercise of free speech rights. *See Watkins v. Bowden,* 105 F.3d 1344, 1352 (11th Cir.1997). The Eleventh Circuit described the test as follows:

First, a court must determine whether the employee's speech may be fairly characterized as constituting speech on a matter of public concern. If so, the district court must weigh the employee's first amendment interests against the interest of the state, as an employer, in promoting the efficiency of the public services it performs through its employees. Should the employee prevail on the balancing test, the fact-finder determines whether the employee's speech played a substantial part in the government's decision to demote or discharge the employee. Finally, if the employee shows

that the speech was a substantial motivating factor in the employment decision, the state must prove by a preponderance of the evidence that it would have reached the same decision even in the absence of the protected conduct.

*Id.* at 1532–33. However, a court need not engage in this analysis if it determines, as this Court has, that the "threshold question of whether an employee's speech may be fairly characterized as constituting speech on a matter of public concern" has not been satisfied by the plaintiff. *Id.*

**9.** Complaint, 34–43.

**10.** *Id.* at 6.

**11.** *Id.* at 6.

**12.** *Id.* at 7.

against him because of certain speech about Troy Moody, another employee of Indian River County. Specifically, Baker claims that on various occasions he suggested that action be taken against Moody because (1) several women had reported that they had been sexually harassed by Moody;[13] (2) Moody had been observed conducting personal business while on duty with the County;[14] (3) Moody had been observed smoking marijuana while at work;[15] (4) Moody had been previously terminated by the County with express instructions not to re-hire him, but was nevertheless re-hired;[16] (5) Moody had been observed loading County mulch into his pick-up truck, but later returned it when he learned he had been discovered;[17] and (6) Moody reported the loss of a $1,367.00 communications radio from his truck after leaving it unattended.[18] Baker attributes Defendant Chandler's recalcitrance in disciplining Moody, and retaliation against Baker, to the fact that Moody was the father of the grandchildren of Margaret Gunter, who was Defendant Chandler's Administrative Assistant.[19]

Third and finally, Baker alleges that another reason for the Defendants' employment actions against him was his speech about Beth Jordan, the Director of the Risk Management Department of Indian River County. Specifically, Baker has alleged that he engaged in various discussions with and about Jordan because (1) Jordan adamantly opposed his suggestion that the County implement a drug screening program;[20] (2) Jordan failed to perform field surveys to enforce adequate safety standards in the workplace;[21] (3) Jordan failed to explain the disarray of the records on the worker's compensation claims files;[22] (4) Jordan was observed at a shopping mall during business hours;[23] (5) Jordan failed to make herself accessible during business hours, after many requests by Baker;[24] and (6) Jordan failed to answer the County cell phone supplied to her.[25] As a result of his attempts to correct the work behavior of Jordan, Baker alleges that several Commissioners and management personnel began avoiding him.[26]

This alleged speech did not concern matters of public concern; was communicated to other County employees, not to the public at large; and was made in Baker's capacity as an employee of the County, not as a citizen. Therefore, this speech is not protected, and Baker has not stated a claim for violation of his First Amendment right to freedom of speech under *Connick v. Myers*, 461 U.S. at 147, 103 S.Ct. 1684, *Watkins v. Bowden*, 105 F.3d at 1352, and *Morris v. Crow*, 142 F.3d at 1381–82.

In *Connick v. Myers*, the Supreme Court reversed a lower court's decision that a district attorney's termination for her distribution of a questionnaire on office policies violated her First Amendment rights. The Court determined that all but

13. *Id.*

14. *Id.* at 8.

15. Complaint, 10.

16. *Id.*

17. *Id.*

18. *Id.* at 11.

19. *Id.* at 11–12.

20. *Id.* at 12.

21. Complaint, 12.

22. *Id.*

23. *Id.*

24. *Id.* at 13.

25. *Id.*

26. *Id.* at 14.

one of the questions posed by the plaintiff did not "fall under the rubric of matters of 'public concern,'" even though it concerned the operation of a government office headed by an elected official, the District Attorney. *Id.* at 146, 103 S.Ct. 1684. The Court reasoned that, in her speech, "Myers did not seek to inform the public that the District Attorney's office was not discharging its governmental responsibilities in the investigation and prosecution of criminal cases." *Id.* at 148, 103 S.Ct. 1684. Similarly, though Baker's complaints against various employees were perhaps more closely tied to their fulfillment of governmental responsibilities than the plaintiff in *Myers,* Baker never sought to bring these alleged breaches to light, and never tried to present them to the public. Rather, as in *Myers,* all of Baker's alleged conversations took place privately with other employees.

Similarly, in *Watkins v. Bowden,* the Eleventh Circuit found that certain complaints made by an assistant solicitor in a county solicitor's office did not address matters of "public concern," in part because of the private and informal context of the speech. The *Watkins* decision involved the claim of an assistant solicitor that she was subjected to racial and sexual harassment in her brief tenure at the office, and terminated as a result of her complaints about this harassment. The court affirmed the district court's directed verdict for the defendants in part because the plaintiff's complaints about the harassment were "lodged to [the chief assistant solicitor] privately and informally" and therefore were not "on a matter of public concern." *Id.* at 1353. In addition, the court concluded that her complaints about a bar luncheon speaker's offensive comments were also not protected because the complaint was an "informal and private comment." *Id.* at 1353–54. While Baker's alleged speech tended to be of a less personal nature than the speech at issue in

*Watkins,* it was made in the same private and informal manner as that in *Watkins.*

In *Morris v. Crow,* the Eleventh Circuit further refined the "public concern" standard as it is applied to the speech of public employees. *Morris,* 142 F.3d at 1381–82. The plaintiff in *Morris* was a police officer, and the speech at issue was his report on an accident that occurred when another officer in an unmarked car collided with and a citizen's car, killing him instantly. In his accident report, the plaintiff had "observed that the [police] officer was traveling more than 130 mph in a 50 mph zone and that the deputy had failed to use an emergency blue warning light in violation of sheriff's office policy." *Id.* at 1380. Much like Baker, the plaintiff in *Morris* claimed that his accident report was protected speech because he "reported on a co-employee's policy violations and negligence that jeopardized public safety and subjected his employer to substantial liability." *Id.* at 1381. The Eleventh Circuit rejected this argument. Generally, the court noted that " [t]he fact that ... information may be of general interest to the public ... does not alone make it of 'public concern.'" *Id.* at 1381 (*citing Connick,* 461 U.S. at 148 n. 8, 103 S.Ct. 1684). Rather, the court determined that "the *purpose* of the expression must be to present such issues as matters of 'public' concern." *Id.* at 1382 (emphasis added). The court concluded that the statements made by a police officer on an accident report were not protected speech because the "report was generated in the normal course of his duties as an accident investigator." *Id.*

Similarly, Baker's position in the County was Personnel Director, and all his alleged speech dealt with personnel issues, such as employee performance and the efficient and fair payment of employees. Specifically, Baker alleged that, as Personnel Director, he was the "immediate supervisor

of Beth Jordan," one of the employees whose work performance he criticized.[27] He also alleged that he had to "evaluate" Jordan.[28] In addition, with respect to Troy Moody, Baker alleged that during his employment he was asked to "sign a performance appraisal of Moody;" and that, at another point, he requested that Defendant Chandler "advise him about action which should be taken against Troy Moody."[29] Finally, with respect to his direct deposit program suggestions, he alleged that *"as Personnel Director of IRC,"* he arranged for the Finance Director of Indian River County to change the direct deposit program.[30] These allegations in his complaint clearly show that his speech was made in the course of his employment as Personnel Director, and pursuant to the duties of that position. Therefore, the alleged speech is not protected under *Morris. Id.*

Finally, it is important to note that Baker attributes Defendants' desire to retaliate against him to various corrupt motives, such as Dean's position as the Chief Executive Officer for the Indian River County Federal Credit Union and the fact that Moody was the father of the grandchildren of Defendant Chandler's Administrative Assistant.[31] However, Baker has *not* alleged that he communicated these possibly corrupt motives to anyone, or that he was terminated because he attempted to expose these corrupt motives. Rather, he alleged that he was terminated because of his speech about the work performance of two employees, and his suggestions regarding the direct deposit plan. Therefore, his complaint does not support a claim that he was terminated because he attempted to expose governmental corruption.[32]

■ In sum, while Baker claims that his purpose was to bring to light wrongdoing, to improve safety conditions in County workplaces, and to promote the efficiency and fairness of County government, and therefore argues that his speech was directed at matters of public concern, this argument is not supported by the allegations in his complaint. Rather, Baker's alleged speech clearly did not address matters of public concern, as that term has been defined by the Supreme Court and Eleventh Circuit. As in *Myers* and *Watkins,* Baker did not allege that he attempted to bring his complaints to the attention of the public at large; rather, his alleged speech occurred in private and informal conversations with Defendant Chandler, with the Defendant Commissioners, and with other County employees. Furthermore, as in *Morris,* Baker's alleged speech invariably addressed employment and per-

27. Complaint, 12.

28. *Id.* at 14.

29. *Id.* at 8, 9.

30. *Id.* at 6 (emphasis added).

31. *Id.* at 7, 11–12.

32. Because Baker has not adequately alleged that he attempted to bring this supposed governmental corruption to light, the case of *Oladeinde v. City of Birmingham,* 230 F.3d 1275 (11th Cir.2000), is distinguishable. In that case, the Eleventh Circuit held that the speech of two police officers was on a matter of public concern when they disclosed to their superiors that they had seen "two fellow officers looking at jail records concerning the arrest of Mayor Arrington's daughter." *Id.* at 1291. That court reasoned, "Clearly, it is a matter of public concern that a police chief and members of his department would tamper with public records to cover up the criminal conduct of a family member of the highest elected official of a city." *Id.* at 1292. Unlike the *Oladeinde* case, Baker's alleged speech was limited to the subject of work performance and personnel issues. He did *not* claim that he attempted to bring to light the alleged corruption inspiring Defendants' retaliation against him.

sonnel issues, and, as set forth in his complaint, was made in his capacity as Director of Personnel. Therefore, Baker has not stated a cause of action for violation of his First Amendment right to freedom of speech.[33]

### III. Dismissal of Baker's Due Process Claims (Count II, III, and IV)

■ Baker has also alleged that his substantive and procedural due process rights were violated by Defendants' actions surrounding his termination and reinstatement. However, Baker's substantive due process claim must be dismissed because there is no substantive due process right to employment by a state agency. *See McKinney v. Pate*, 20 F.3d 1550, 1560 (11th Cir.1994) (*en banc*), *cert. denied sub nom. McKinney v. Osceola County Bd. of County Com'rs*, 513 U.S. 1110, 115 S.Ct. 898, 130 L.Ed.2d 783 (1995). In *McKinney*, the Eleventh Circuit noted:

Supreme Court precedent demonstrates that an employee with a property right in employment is protected only by the procedural component of the Due Process Clause, *not its substantive component.* Because employment rights are

state-created rights and are not 'fundamental' rights created by the Constitution, they do not enjoy substantive due process protection.

*Id.* at 1560. Accordingly, Baker has not stated a claim for a substantive due process violation.

■ Furthermore, while Baker's public employment is protected by the procedural component of the due process clause, neither has he stated a claim for a procedural due process violation. His procedural claims must be dismissed because his own allegations reveal that he was afforded adequate procedural due process. Specifically, Baker admits that he was afforded both a pre-termination hearing and a post-termination hearing.[34] This pre-termination hearing need only be an "initial check against mistaken decisions—essentially, a determination of whether there are reasonable grounds to believe that the charges against the employee are true and support the proposed action." *Id.* at 1561; *see also Cleveland Board of Educ. v. Loudermill,* 470 U.S. 532, 545–46, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985) (holding that required pre-termination hearing "need

---

**33.** Notably, even if Baker could ultimately show that his speech was on a matter of "public concern," Defendant Chandler, the only defendant sued in his individual capacity, would still be entitled to qualified immunity on the First Amendment claim. To defeat a claim for qualified immunity, a plaintiff must show that the federal right he accuses the defendant of violating was "clearly established" when the defendant acted. *See, e.g., Martin v. Baugh,* 141 F.3d 1417, 1420 (11th Cir.1998), *reh'g denied,* 156 F.3d 188 (11th Cir.1998), *cert. denied,* 525 U.S. 1104, 119 S.Ct. 870, 142 L.Ed.2d 771 (1999). Because the test for First Amendment violations in this context is "intensely fact-specific" and does not lend itself to "clear, bright-line rules, it is nearly impossible for a reasonable person to predict how a court will weigh the myriad factors that inform an application of the Pick-

ering–Connick test." *See id.* Therefore, the Eleventh Circuit has concluded that "the employer is entitled to immunity except in the extraordinary case where Pickering balancing would lead to the inevitable conclusion that the discharge of the employee was unlawful." *Dartland v. Metropolitan Dade County,* 866 F.2d 1321, 1323 (11th Cir.1989); *see also Williams v. Alabama State Univ.,* 102 F.3d 1179, 1183 (11th Cir.1997). Defendant Chandler's alleged actions would certainly not lead a reasonable person to the inevitable conclusion that the discharge violated the First Amendment. Therefore, Baker's claim against Chandler should be dismissed even if it was ultimately concluded that Baker's speech did address a matter of public concern.

**34.** Complaint 21—25.

not be elaborate" and "need not definitively resolve the propriety of the discharge").

While Baker alleges that the pre-termination hearing was procedurally inadequate because of lack of notice, insufficient evidence, and bias, any procedural defects in a pre-termination hearing may be remedied by an adequate post-termination hearing. In *McKinney*, the Eleventh Circuit clearly stated that the "a procedural due process violation is not complete 'unless and until the State fails to provide due process'" and that "the state may cure a procedural deprivation by providing a later procedural remedy; only when the state refused to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under section 1983 arise." *McKinney*, 20 F.3d at 1556–57. Therefore, if Baker received an adequate post-termination hearing, he has no cause of action for a procedural due process violation.

Baker admits that he was also afforded a post-termination hearing, but claims that he suffered certain procedural deficiencies in the post-termination hearing'.[35] However, the adequacy of the post-termination hearing can hardly be questioned, because Baker admits that he *prevailed* at the post-termination hearing. Specifically, Baker alleges that Judge Daniel, who presided over the hearing, found "no sufficient evidence to support Chandler's termination of R. Baker's employment."[36] In short, the state clearly made available means by which Baker could receive redress for any procedural violations that occurred in the pre-termination hearing, and Baker *successfully* availed himself of those means. Accordingly, Baker has not alleged a procedural due process violation. *See McKinney*, 20 F.3d at 1562.

While Baker emphasizes that he was not promptly reinstated to his position after the post-termination hearing, and that the scope of his position was ultimately limited, these claims simply do not defeat the adequacy of the process afforded Baker.[37] These allegations are claims of *substantive* violations, not procedural violations—regardless of how Baker has characterized the claims in his pleadings. *See McKinney*, 20 F.3d at 1557–58. The substantive nature of Baker's claims is evidenced in part by the damages he alleged and the relief he seeks. Baker has requested monetary damages in compensation for the alleged denial of "the right to enjoy the privileges associated with such a position of responsibility," and not equitable reinstatement or additional process.[38] The Eleventh Circuit has observed that in "substantive due process cases, the claimant seeks compensatory damages for the value of the deprived right" whereas in procedural due process cases "although the claimant may seek compensatory damages, the primary relief sought is equitable." *McKinney*, 20 F.3d at 1557. Because the alleged due process violations arising out of Defendants' failure to reinstate Baker after his successful post-termination hearing are substantive in nature, these alleged violations are not actionable.

---

35. *Id.* at 24–25.

36. *Id.* at 25.

37. Specifically, Baker alleged: "Because Chandler wrongfully and arbitrarily restricted and diminished R. Baker's authority and duties to manage, supervise and control the Risk Management Department and the Personnel Administrator of Indian River County upon R. Baker's return to his duties as the Director of Personnel, with the support and ratification of the Defendant Commissioners named above and IRC, R. Baker has been denied his protected freedom and property rights without due process of law .... R. Baker is entitled to recover damages from the Defendants because of these losses." Complaint, 41.

38. *Id.*

*See id.* at 1560 ("[E]mployment rights ... do not enjoy substantive due process protection.").[39]

## IV. Dismissal of Baker's Conspiracy Claim (Count III)

 Baker's conspiracy claim also must be dismissed because he has failed to state a cause of action for conspiracy. The Eleventh Circuit has held that a public entity and its employees are "deemed incapable of conspiring among themselves or with the corporation." *Dickerson v. Alachua County Com'n,* 200 F.3d 761, 767 (11th Cir.2000), *cert. dismissed,* 530 U.S. 1285, 121 S.Ct. 1, 147 L.Ed.2d 1025 (2000). The alleged co-conspirators in Baker's complaint are all employees or agents of Indian River County. Defendant Chandler served as Indian River County Administrator, and Defendants Macht, Eggert, Ginn, Tippin, and Adams served as Commissioners of Indian River County. Therefore, Defendants are legally incapable of conspiring among themselves, and Baker's conspiracy claim must be dismissed. *See id.*

## V. Dismissal of Baker's Sunshine Law Claim (Count IV) and Dismissal of Mrs. Baker's Loss of Consortium Claim (Count VI)

 Baker's Sunshine Law Claim and Mrs. Baker's Loss of Consortium Claim are state claims and were brought under this Court's pendent jurisdiction. Because Baker's federal claims have all been dismissed, this Court will not exercise pendent jurisdiction over Bakers' state law claims. *See United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."). Therefore, Baker's Sunshine Law Claim and Mrs. Baker's Loss of Consortium Claim must be dismissed. *See id.*

## CONCLUSION

Based on the foregoing, it is ORDERED AND ADJUDGED as follows:

1. Defendant Chandler's Motion to Strike Complaint (filed April 28, 2000) is DENIED;

2. Defendant Chandler's Motion to Dismiss (filed April 28, 2000) is GRANTED;

3. Defendant Indian River County's Motion to Dismiss (filed April 24, 2000) is GRANTED;

4. Motion to Dismiss filed by Defendants Macht, Estate of Carolyn K. Eggert, Ginn, Tippin, and Adams (filed April 24, 2000) is GRANTED.

Accordingly, this Complaint is DISMISSED with prejudice.

---

**39.** Even if Baker's allegations that he was not promptly reinstated and that the scope of his position was subsequently limited could somehow be characterized as claims of *procedural* due process violations, the claims must be dismissed. Baker has not alleged that he would be unable to seek relief in Florida courts. As already discussed, the Eleventh Circuit has clearly held that, under the procedural component of the due process clause, the "state is obligated only to make available the means by which the employee can receive redress for the deprivations." *McKinney,* 20 F.3d at 1562. Baker's final allegations do not constitute procedural due process violations because Baker has not alleged that redress is unavailable in Florida courts.