**Patrick SCRIMA**

v.

**Dorothy Kelly GAY, in her Individual Capacity and her Official Capacity, and the City of Somerville**

No. CIV.A. 02–12267–RWZ.

United States District Court,
D. Massachusetts.

June 21, 2004.

Kevin G. Powers, Rodgers, Powers & Schwartz LLP, Boston, MA, for Plaintiff.

Francis X. Wright, Jr., Somerville, MA, Maria C. Burton, Peter L. Ebb, Richard P. Ward, Ropes & Gray LLP, Boston, MA, for Defendants.

## MEMORANDUM OF DECISION AND ORDER

ZOBEL, District Judge.

Plaintiff Patrick Scrima was the City of Somerville's Superintendent of Inspectional Services from October 9, 1999, until November 9, 2001, when he was informed by the City's then-Mayor, Dorothy Kelly Gay, that she would not reappoint him to another one-year term. Shortly before he was terminated, plaintiff was deposed in his official capacity in a case challenging a building permit he had granted in August 2000. Plaintiff and the City Solicitor Susan Callahan had a difference of opinion over plaintiff's decision to grant the permit, and prior to the deposition, plaintiff told the Mayor that he wanted to be represented by outside counsel. The Mayor said that she wanted him to use the City's lawyers.

At the deposition, plaintiff was represented by outside counsel, although an Assistant City Solicitor was present. In his testimony plaintiff alleged various instances of misconduct by City officials, including that the Mayor extorted $1 million from the discount retailer Target. He now claims that he was fired for alleging misconduct by City officials at the deposition and for insisting on retaining private counsel and has sued the City and Gay, in her individual and official capacities. He asserts claims for wrongful termination in violation of public policy (Count I), violation of the Massachusetts Whistleblower Statute, Mass. Gen. Laws ch. 149, § 185 (Count II), and infringement of his constitutional rights to free speech (Count III) and due process (Count IV). Defendants seek summary judgment on all counts.

■ Plaintiff concedes defendants' request for judgment as to Count IV. Regarding plaintiff's other causes of action, Count I fails with respect to the City and defendant Gay in her official capacity. The Massachusetts Tort Claims Act provides the exclusive remedy for torts against a City and its elected officers, Mass. Gen. Laws ch. 258, § 2, and claims for intentional torts are barred. *Id.* at § 10(c). However, "[w]hile public employers ... may not be held liable for intentional torts committed by their employees, the employees may be personally liable for any harm they have caused." *Spring v. Geriatric Authority of Holyoke,* 394 Mass. 274, 475 N.E.2d 727, 734 n. 9 (1985). Therefore, Count I survives summary judgment only as to defendant Gay in her individual capacity.[1]

■ On Count II plaintiff claims that his conduct should receive whistleblower protection because the deposition that he

---

1. In a footnote defendants argue that a wrongful termination claim does not lie against an individual and would be barred by qualified immunity even if it did. Because genuine issues of material fact remain about whether defendant Gay caused plaintiff's termination because of his exercise of protected speech, *infra,* defendants' arguments are unavailing.

gave constituted testimony before a "public body conducting an investigation, hearing or inquiry into any violation of law ...." Mass. Gen. Laws ch. 149, § 185(b)(2). The Statute defines "public body" to include "any federal, state or local judiciary, or any member or employee thereof." *Id.* at § 185(a)(3)(B). Plaintiff argues that the fact that attorneys and stenographers are "officers of the court" transforms a private civil deposition into a "public body." The plain language of the Statute does not permit such a reading. Defendants are therefore entitled to summary judgment on Count II.

■ Finally, plaintiff contends that he had a First Amendment right to retain his own attorney and to speak honestly at the deposition. Because there are no allegations or evidence of a policy or practice of retaliatory firings, Count III does not state a claim against the City or defendant Gay in her official capacity. *Fabiano v. Hopkins*, 352 F.3d 447, 452 (1st Cir.2003). Moreover, plaintiff has pointed to no authority establishing a right to retain private counsel for a public employee being sued only in his official capacity, and plaintiff's insistence on being represented by his own lawyer is not protected speech.

■ The only issue that remains under Count III is whether defendant Gay in her individual capacity violated plaintiff's First Amendment rights by firing him in retaliation for his deposition testimony. In order to establish a First Amendment claim, plaintiff must show that (1) the speech at issue was a matter of public concern, *Connick v. Myers*, 461 U.S. 138, 147–48, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983); (2) his First Amendment interests outweigh the City's interest in the efficient operation of government, *Pickering v. Board of Educ.*, 391 U.S. 563, 568, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968); and (3) "the protected speech was a substantial or motivating fac-

tor in the adverse action against the plaintiff." *Mihos v. Swift*, 358 F.3d 91, 102 (1st Cir.2004) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977)).

■ Under this three-prong test, summary judgment is inappropriate on Count III. First, plaintiff's testimony is arguably a statement about misconduct and corruption in City government and therefore a matter of public concern, regardless of the fact that he was deposed in his official capacity. *See O'Connor v. Steeves*, 994 F.2d 905, 915 n. 6 (1st Cir.1993) ("[S]peech which discloses any evidence of corruption, impropriety or other malfeasance on the part of city officials, in terms of content, clearly concerns matter[s] of public import.") (citations and internal quotation marks omitted); *Morris v. Crow*, 142 F.3d 1379, 1382 (11th Cir.1998) (contrasting a deputy sheriff's civil deposition testimony on matters of private concern with "reporting specific wrongs and abuses within [City] government"). Second, although defendants argue that the *Pickering* balancing test tips in their favor because plaintiff was a "policymaker" for whom "political firing" was acceptable, *Flynn v. City of Boston*, 140 F.3d 42, 44–45 (1st Cir.1998), genuine issues of material fact exist on the extent of plaintiff's responsibilities as Superintendent of Inspectional Services. Genuine issues of fact also cloud the question of whether plaintiff was fired because of his deposition testimony. Because plaintiff's allegations describe the violation of a clearly established constitutional right that a reasonable City official would understand, the defense of qualified immunity is not available. *Mihos*, 358 F.3d at 101–10.

Accordingly, the Motion for Summary Judgment is allowed on all counts for the City and defendant Gay in her official capacity and on Counts II and IV for defen-

dant Gay in her individual capacity. It is denied on Counts I and III against defendant Gay in her individual capacity.