[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 27, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-16046
Non-Argument Calendar

_____

D. C. Docket No. 05-00819-CV-CC-1

FRANK W. BERRY, III,

Plaintiff-Appellant,

versus

THOMAS L. COLEMAN,
ALBERT MURRAY, in their individual capacities,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(March 27, 2006)**

Before TJOFLAT, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Frank Berry is a former employee of the Georgia Department of Juvenile Justice, which provides treatment and education for youths referred by the Georgia juvenile court system. While employed with the Department, Berry served as the Director of Behavioral Health Services. In the course of his employment Berry was instructed to prepare a memorandum regarding the readiness of Youth Services International to take over operations of one of the Department's campuses, the Augusta Youth Development Campus. Berry determined that there were serious problems at the Augusta campus and that Youth Services International was not prepared to take over operations and he indicated that in his memorandum. The memorandum, and Berry's refusal to destroy it, ultimately led to his termination.

After he was terminated, Berry filed a complaint against Albert Murray, the Commissioner of the Department of Juvenile Justice, and Thomas Coleman, the Deputy Commissioner, in their individual capacities alleging violations of his First Amendment rights under 42 U.S.C. § 1983. The defendants moved to dismiss Berry's complaint under Fed. R. Civ. P. 12(b)(6), arguing that he had failed to state a claim for a violation of his First Amendment rights and that they were entitled to qualified immunity. The district court granted the defendants' motion to dismiss for failure to state a claim upon which relief may be granted because Berry had not

2

sufficiently alleged that his speech related to a matter of public concern. Berry appeals to this Court.

We review the district court's grant of a motion to dismiss for failure to state a claim de novo. Spain v. Brown & Williamson Tobacco Corp., 363 F.3d 1183, 1187 (11th Cir. 2004). We will accept the allegations in the complaint as true and construe those allegations in the light most favorable to the plaintiff. Id. The motion to dismiss should be granted only if the defendant demonstrates "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id.

Berry alleges that he spoke on a matter of public concern by: "(1) voicing his concerns about the Augusta campus and Youth Services International's readiness to takeover [sic] the daily operations of Augusta YDC in the memorandum; (2) reporting Defendants' order to destroy the memorandum to and seeking advice from the Attorney General, the Department's Deputy Commissioner of Human Resources and its Employee Management Relations Specialist regarding the Department's obligations to produce his memorandum to the reporter; (3) voicing his opinion that the destruction of the memorandum would be illegal and unethical; and (4) voicing his unwillingness to destroy the memorandum." The district court concluded that each of these instances was not

3

speech on a matter of public concern but instead was made by Berry primarily in his role as an employee.

To be protected by the First Amendment, a public employee's speech must relate to a matter of public concern. Speech is within the public concern if it relates to "a matter of political, social, or other concern to the community." Morgan v. Ford, 6 F.3d 750, 754 (11th Cir. 1993). A public employee's speech is generally not protected if it is made "not as a citizen upon matters of public concern, but instead as an employee upon matters only of personal interest." Id. The question is whether Berry spoke on behalf of the public as a citizen, or on behalf of himself as an employee. Id. To answer that question, we must consider the content, form and context of Berry's speech. Id.

Berry alleges that the memorandum he wrote evaluating the Augusta Youth Development Campus and Youth Services International was speech on a matter of public concern. We believe, however, that the memorandum is analogous to the police report prepared by the plaintiff officer in Morris v. Crow, 142 F.3d 1379 (11th Cir. 1998). We held that police report was not speech on a matter of public concern even though it contained information unfavorable to the police department, which would be of interest to the public, because the report was generated in the "normal course of [the plaintiff's] duties." Id. at 1381–82.

4

Likewise, in this case Berry prepared the memorandum in response to an order from his employer and not on his own initiative. Although the subject of the memorandum is something in which the public might have an interest, Berry spoke through it solely in his position as an employee and not as a citizen voicing his views on a matter of public concern. See id; see also Morgan, 6 F.3d at 754.

We must also determine whether Berry's refusal to destroy the memorandum or his statements that destroying it would be illegal or unethical constitute speech on matters of public concern. Berry's complaint alleges that on one occasion he told Coleman that he would not destroy the memo. Berry also alleges that in a meeting between himself, Coleman, Murray and Berry's direct supervisor he told Murray that he would not destroy the memo and that it would be unethical and possibly illegal to do so.

Several considerations persuade us that Berry's statements did not relate to the public concern. Although it is not the determinative factor, the fact that the statements were made within the context of his employment and only to his supervisors indicates that the speech was made by Berry as an employee and not in his role as a citizen addressing matters of public concern. See Kurtz v. Vickrey, 855 F.2d 723, 727 (11th Cir. 1988). Similarly, the fact that Berry took no affirmative steps to actually communicate the content of the memo to the public is

5

also relevant but not fatal to Berry's claim. Id.

Although Berry's statements refusing to destroy the memo and noting that to do so would be unethical or illegal were against his personal interest as an employee in the sense that he was defying the orders of his supervisors, we agree with the district court that these statements did relate to Berry's personal interest as an employee in not doing anything unethical or illegal. Berry does allege in a conclusory fashion in his complaint that his purpose in refusing to destroy the document was to "raise matters of public concern," but none of the facts alleged in his complaint indicate that he had any purpose beyond lawfully performing his own duties.

On a motion to dismiss, "[c]onclusory allegations and unwarranted deductions of fact are not admitted as true." Assoc. Builders, Inc. v. Ala. Power Co., 505 F.2d 97, 100 (5th Cir. 1974). This is particularly true when the conclusory allegations contradict the other facts alleged in the complaint. See id. Therefore, Berry's statement that his purpose in refusing to destroy the memo was to raise an issue of public concern will not be taken as true when the specific facts of the complaint do not support that allegation. The complaint as a whole shows that Berry was attempting to ensure that his own conduct complied with the law so that he did not act illegally or unethically. Berry's actions were personal, not of

public concern, and therefore, not protected by the First Amendment.

Finally, Berry alleges that he spoke on a matter of public concern by "reporting Defendants' order to destroy the memorandum to and seeking advice from the Attorney General, the [Department's] Deputy Commissioner of Human Resources and the [Department's] Employee Management Relations Specialist regarding [its] obligations to produce his memorandum to the reporter." After Coleman ordered Berry to destroy the memorandum Berry was concerned that it might be illegal to do so and sought advice from the Deputy Commissioner of Human Resources and the Employee Management Relations Specialist. Berry's consultation with the attorney general was in response to an open records request by a reporter for the Augusta Chronicle. Berry sought advice about whether the memo had to be produced.

These two consultations are not "whistleblowing" activity as Berry attempts to characterize them. His consultation with the attorney general was strictly for the purpose of determining compliance with the open records request. His conversation with the Deputy Commissioner of Human Resources and the Employee Management Relations Specialist was for the purpose of obtaining advice regarding Coleman's direction to destroy the memorandum. In both instances, Berry alleges only that he was seeking advice; he does not allege that he

7

was reporting wrongdoing. These communications were made in Berry's role as an employee and not with the intent to speak out on issues of public concern. See Morris, 142 F.3d at 1382 ("the purpose of the expression must be to present such issues as matters of public concern").

Berry's consultations with other Department personnel and with the attorney general are distinguishable from the "whistleblowing" cases that he relies on because in those cases the employees were seeking to expose corruption or wrongdoing by their employers. See Walker v. Schwalbe, 112 F.3d 1127, 1131 (11th Cir. 1997) (plaintiff spoke with state legislators about misuse of public funds); Martinez v. City of Opa-Locka, Fla., 971 F.2d 708, 712 (11th Cir. 1992) (plaintiff provided testimony about misuse of public funds to a Board of Inquiry and State Attorney's office); Bryson v. City of Waycross, 888 F.2d 1562, 1564 (11th Cir. 1989) (police officer filed memorandum of complaint with city manager regarding alleged improprieties by police chief). In this case all that can be garnered from the complaint is that Berry sought advice because he was concerned that "it would be improper and even illegal to destroy the memorandum as Defendant Coleman had requested [him] to do." Seeking advice in order to ensure that his conduct complied with the law serves a personal interest.

The district court's order granting the defendants' motion to dismiss is

8

**AFFIRMED.**